Mr. Justice No it
delivered the opinion of the court.
The rule of law that parol evidence cannot be admitted ~o contradict a deed, is so well established, that it would be a waste of time to introduce either argument or authority in its support, it is however contended, that cases involving the titles to land often require exceptions to that rule. If it is intended to say that the rules of evidence m relation to cases of trespass to try tides to land are different from what they are in other cases, the opinion is founded in error. Whenever a deed refers to any matter ov riling extrinsic of the deed itself, that matter or thing must be established, or identified by parol evidence. And a-j that more frequently happens in land cases than any other, the rule more frequently applies. Thus for instance, when a certain course, tree, or creek is called for, parol evidence must be resorted to for the purpose of ascertaining whether they are found to correspond with the deed. And if it should refer to a hogshead of sugar, a bag of cotton, or a horse, the same rule would apply. But where the courses, distances and lines are all found to correspond with the deed, I apprehend no case can' he found where parol evidence has been admitted to shew that any other was intended ; and if any such case can be found, I should be disposed to say that case is not law. The case of Middleton and Perry, (2 Bay, 541,) supposed to conflict with this opinion. But when that case comes to be understood, it will be found to contain no principle inconsistent with that now advanced. The defendant’s grant called for land lying on “ Cedar-creek, waters of Broad river.”. .But no such land’could be found on the waters of Broad river. The defendant offered to prove that the land lay on Cedar--creek, waters of the Catawba river, which the Circuit Court iefused, on the ground that it went to contradict the grant; but this court held that the testimony was admissi - ble, and granted a new trial, .But it will be observed that the grant also called-for carries line and station trees and adjacent lands by which it was bounded ; all which consti - tuted a payt of the description as well as Broad river. So *262 that although the parol evidence went to contradict one. part of the deed, it went to support other parts of it. And it is a well established rule of law, that when an ambiguity is raised by parol evidence, it may be removed by the samo hind of testimony. Thus, if a person should, by deed, convey a tract of land to his son John, parol evidence might be admitted to prove that he had two sons of that name. A question would then arise which of the two was intended ; and parol evidence might be admitted to determine that question. But when the parol evidence is heard, if it raise no ambiguity, it must be rejected. Then to take the case above stated. If a person should give a tract of land to his son John, with directions that until he should arrive to the age of twenty years, the profits of it should be laid out in other lands, and parol evidence should be offered to prove that he had two sons of that name, if that evidence should, at the same time, prove that one was over age, and the other a minor, when the deed was made, the evidence must be rejected; because, the deed itself would shew that the minor was intended, and parol evidence could not be received to prove the contrary. Now let us test the correctness of this verdict by the rules above laid down. I have already shewn that all the corners and lines of the defendant’s land are found to correspond with his deed; except that it may be questionable whether he was entitled to go the whole extent of the line 'C. D. because that gives him more land than his deed calls for ; hut that objection should have come from the other side. It does not lie in the mouth of the defendant to complain that he has got too much, and the plaintiffs are satisfied with the verdict. Proving therefore that another line was run in a different part of the land, created no ambiguity. And even though it had been proved that the plaintiff’s ancestor had committed an actual fraud, in not conveying to the line K- L. or that the conveyance had made a mistake, still it would not avail the defendant. He cannot hold more than is embraced in his deed. It might perhaps authorize a *263 Court of Equity to direct further titles to be executed; but it could not enable him to recover at law.
The testimony rejected by the court, was nothing more than the .opinion of the witness with regard to the conclusion which ought to be drawn from the facts which he had proved. The province of the witness is, to state the facts, but it belongs to the court and jury to draw the conclusion. In matters of science, the judgment of the court may be aided by the opinions of scientific men. So the opinions of witnesses, when drawn from facts, which have come to their knowledge, and which cannot lie presented to the view of the court, may be received ; but they must also give the reasons on which those opinions are founded.— Thus if it were important to determine whether the wound by which a person came to his death was inflicted by a stick, a sworcl or a bullet, the opinion of a witness who had seen it would be received ; but them he would ne.requh’ed to give a description of the wound bv which the court might determine whether lie had sufficient reasons for his opinion. But where the opinion of the witness is only a conclusion drawn from the tacts to which he has deposed, it would be transit rring the province of the court and jury to the witness to allow him to give his opinion. The witness in the case now before us was not present, when the deed was made, and knew' nothing of the intentions of the grantor; except what arose from the face of the deed itself. It was therefore a mere wild conjecture, calculated to lead to error, and not to ascertain the truth.
In considering this ground, I think a sufficient answer' has been given to the second. I will, nevertheless, add that the extension ol the lines from the points A. and Z). could have been intended only as indices of the terminers of the defendant’s claim, and in my view are conclusive of the fact. The verdict, therefore, is consistent with the evidence, and the motion must he refused.
Justices Johnson, Gantt and Huger, concurred,
Mr. Justice Richardson ¡dissented,.-
Gfcij-g, for the ¡notion.
Clarke, contra.